IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT L. MOYLAN,                          No.  CIV.S-06-2207 DAD

      Plaintiff,

  v.                                       <u>ORDER</u>

SOCIAL SECURITY ADMINISTRATION,

      Defendant.
_____/

      This action came before the court on November 17, 2006, for hearing on defendant's motion to dismiss for lack of subject matter jurisdiction.  Yoshinori H.T. Himel appeared on behalf of defendant.  Plaintiff, proceeding pro se, appeared on his own behalf and stated his non-opposition to defendant's motion.  For the reasons set forth below, and in light of plaintiff's request at the hearing on the motion that this matter be closed, defendant's motion to dismiss will be granted.

/////

/////

1

## BACKGROUND

Plaintiff commenced this civil action by filing his complaint on September 8, 2006, in the Small Claims Division of the El Dorado County Superior Court in Placerville. Plaintiff's complaint appears on a state court form and alleges few specific details beyond the claim that "[d]efendant owes $1,600." Defendant Social Security Administration filed a notice of removal in this court on October 5, 2006. The instant motion was filed on October 13, 2006, and served on plaintiff, who has not responded to the motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party by motion to raise the defense that the court lacks "jurisdiction over the subject matter" of a claim. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Electronics, 594 F.2d 730, 733 (9th Cir. 1979)(citations omitted). In the latter instance, no presumption of truthfulness attaches to plaintiff's allegations. Id. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988)(citations omitted). The burden of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction. Thornhill Publ'g Co., 594 F.2d at 733.

**APPLICATION**

42 U.S.C. § 405(g) provides, in relevant part: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party ... may obtain a review of such decision by a civil action .... Such action shall be brought in the district court of the United States ...."

The condition that there be a "final decision" by the Commissioner consists of two elements. Mathews v. Eldridge, 424 U.S. 319, 328 (1976). One element is that a claim for benefits be presented to the Commissioner; the other is that all administrative remedies prescribed by the Commissioner be exhausted. Id. The requirement that a claim be presented to the Commissioner is "purely 'jurisdictional' in the sense that it cannot be waived." Id. The exhaustion requirement is not purely jurisdictional because it is waivable by the Commissioner and courts. Id.[1]

The Code of Federal Regulations clearly explains the administrative review process to claimants:

> The administrative review process consists of several steps, which usually must be requested within certain time periods and in the following order:
>
> (1) Initial determination. This is a determination we make about your eligibility or your continuing eligibility for benefits or about any other matter, as discussed in § 416.1402, that gives you a right to further review.

---

[1] These two elements of a "final decision" have been discussed by both the Supreme Court and the Ninth Circuit subsequent to the decision in Eldridge. See Bowen v. City of New York, 476 U.S. 467, 482-83 (1986); Johnson v. Shalala, 2 F.3d 918, 921 (9th Cir. 1993); Cervantez v. Sullivan, 963 F.2d 229, 231 n.3 (9th Cir. 1992).

1          (2) Reconsideration.  If you are dissatisfied
2          with an initial determination, you may ask us to reconsider it.

        (3) Hearing before an administrative law judge.
        If you are dissatisfied with the reconsideration
        determination, you may request a hearing before
        an administrative law judge.

        (4) Appeals Council review.  If you are
        dissatisfied with the decision of the
        administrative law judge, you may request that
        the Appeals Council review the decision.

        (5) Federal court review.  When you have
        completed the steps of the administrative review
        process listed in paragraphs (a)(1) through
        (a)(4) of this section, we will have made our
        final decision.  If you are dissatisfied with our
        final decision, you may request judicial review
        by filing an action in a Federal district court.

20 C.F.R. § 416.1400.

In connection with her motion, defendant has submitted a detailed declaration by Cheryl Jacobsen, defendant's custodian of records.  That declaration demonstrates that plaintiff is a recipient of both Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act, respectively.  Plaintiff's Title II benefits were suspended in September of 2006, but reinstated in October of 2006, retroactive to September.  Plaintiff's Title XVI benefits were suspended in September 2006, pending development of potential excess resources.  Specifically, plaintiff was advised that appraisals of two vehicles he owned were needed in order to determine his continuing eligibility for those benefits.  Defendant has no record of plaintiff making a request for reconsideration or hearing before an administrative law judge.  Nor has plaintiff submitted any evidence that he pursued the

available options for administrative review.  See 20 C.F.R. § 416.1400.

In short, a review of the record and evidence before the court reflects that plaintiff did not engage in the proper administrative review process prior to seeking judicial review.  See Bass v. Social Sec. Admin., 872 F.2d 832, 833 (9th Cir. 1989).  Plaintiff does not argue, nor does it appear, that exhaustion has been waived in this case.  See Briggs v. Sullivan, 886 F.2d 1132, 1139 (9th Cir. 1989).  Moreover, as noted, plaintiff does not object to the dismissal of this action at this time.  Accordingly, defendant's motion to dismiss will be granted due to plaintiff's failure to exhaust available administrative remedies.[2]

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that defendant's motion to dismiss is granted.  This matter is dismissed.  The Clerk of the Court is directed to close the file.

DATED: November 20, 2006.

DAD:th
ddad1\orders.socsec\moylan2207.order

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

---

[2] In light of the failure to exhaust administrative remedies, the court does not reach defendant's argument that this court lacks subject matter jurisdiction because the state court lacked subject matter jurisdiction over this social security matter, even though this federal court would have had jurisdiction if the suit had originated here.  See 28 U.S.C. § 1442; Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co., 258 U.S. 377, 382 (1922) ("The jurisdiction of the federal court on removal is, in a limited sense, derivative jurisdiction.  If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none ....").

5